UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No. 18 C 2453 |
| | )     08 CR 688 |
| JOSE BANKS | ) |
| | ) Judge Rebecca R. Pallmeyer |

### MEMORANDUM OPINION AND ORDER

Joseph Jose Banks was convicted of multiple bank robberies and sentenced to 432 months in prison. He now moves [1, 13, 15] for relief from this conviction and sentence pursuant to 28 U.S.C. § 2255.[1] The motion was not timely filed, however. For that reason, the petition is dismissed, and the court declines to issue a certificate of appealability.

### BACKGROUND

**I.    Criminal Proceedings**

The facts of Banks's criminal proceedings are set out in *United States v. Banks*, 828 F.3d 609, 612–15 (7th Cir. 2016). In September 2008, Banks was charged with committing or attempting to commit four separate robberies over a 12-month period between 2007 and 2008. All incidents involved the use of a gun, and several were particularly violent. After the filing of the criminal indictment, it took four years for the case to proceed to trial, primarily because Banks dismissed five different attorneys. The final dismissal occurred on the first day of trial, when Banks informed counsel and the court that he intended to represent himself. The court directed the recently-dismissed attorney to remain as standby counsel, but Banks rebuffed the court's repeated urging to allow standby counsel to represent him. His motive (at least in part) for firing his attorney and proceeding *pro se* at trial was his intention to make a "sovereign citizen" argument, challenging the court's exercise of jurisdiction over him. The court warned him of the

---

[1] Citations to Banks's criminal docket (08 CR 688) are denoted with an asterisk. All other citations are to his civil docket (18 C 2453).

futility of this "defense," to no avail. Instead, Banks repeatedly requested (unsuccessfully) to be excused from attending the trial, and argued that he was a "captive" who would not be "partaking in this proceeding." At the conclusion of trial, the jury convicted him on all counts.

Several days after the jury's guilty verdict, Banks and a cellmate escaped from the Metropolitan Correctional Center in Chicago. They did so by cutting a hole in the jail's cinderblock wall and then rappelling 17 stories down the building's exterior wall in the middle of the night, using a rope Banks had fashioned from bedsheets and dental floss. Banks was apprehended two days later. Following his capture, Banks changed course in part. He agreed to representation by counsel, who brought a motion for a new trial and acquittal regarding his decision to represent himself. The court denied the motion, and subsequently sentenced Banks to 432 months of imprisonment. On direct appeal, Banks challenged the validity of his waiver of his right to counsel and choice to represent himself, as well as the sentence imposed by this court. The Seventh Circuit affirmed his conviction and sentence, *Banks*, 828 F.3d at 620, and the Supreme Court denied Banks's petition for a writ of certiorari on February 21, 2017, completing his direct appeal process. *Banks v. United States*, 137 S. Ct. 1122 (2017).

## II. Section 2255 Proceedings

Almost eleven months after his certiorari petition was denied, in January 2018, Banks wrote to the court seeking an extension of time to file his 28 U.S.C. § 2255 motion, claiming that he could not submit a timely § 2255 motion due to several difficulties encountered at his prison, USP Florence ADMAX. (Mot. for Extension [*315] at 1.) This included prison officials seizing his legal materials during July and August 2017, a lack of law library access at times, and a fire set in his living unit at the prison on October 16, 2017, after which his property and legal materials were withheld for two weeks while the arson was investigated. (*Id.*) Banks also expressed his belief that the one-year statute of limitations period for filing his § 2255 motion expired in March 2018. (*Id.*) This court denied the motion, "express[ing] no opinion" about whether Banks was "correct concerning his filing deadline," and instead urging Banks to "proceed promptly" in filing

his § 2255 petition [*316]. Banks moved for reconsideration of that ruling [*317]. He explained that he had been in segregation and was awaiting documents from his criminal attorney, and again asserted that his limitations period expired in March 2018—specifically, on March 28, 2018. The court denied that motion as well, reiterating that it was not ruling on whether Banks was correct in his statute of limitations calculation, and encouraging him to file a § 2255 petition "immediately" [*318].

In April 2018, the Clerk received a filing (postmarked April 1, 2018) from Banks. This submission is captioned as a "*Bivens*/Civil Rights Act" complaint, but the court construed it as a 28 U.S.C. § 2255 motion, resulting in the opening of this case. (Def.'s Pet. [1] at 1; Civil Cover Sheet [1-1]; Envelope [1-2].) In this 77-page submission, Banks argues, in sum, that this court lacked subject matter jurisdiction to adjudicate his criminal case. As a result, according to Banks, his criminal case should be dismissed, and he should be released from custody. (Def.'s Pet. at 36–39.) Despite referring to his original filing as a "*Bivens*/Civil Rights Act" action, a follow up letter from Banks confirmed that he understood he was submitting a § 2255 motion [3]. Construing these filings as a request for relief pursuant to § 2255, the court set a briefing schedule [6, 9]. The government filed a timely response, arguing that Banks's petition, filed several days after what the government contends is the correct deadline (February 21, 2018), is untimely and lacks merit. (Gov't Resp. [7] at 3–6.) In his reply brief (placed in the prison mail system on August 1, 2018), Banks referred to this case as a § 2255 proceeding and continued to assert that his statute of limitations deadline was March 28, 2018.[2] (Def.'s Reply [11] at 1; Def.'s Am. Mem. [12] at 34.)

In this reply brief, Banks further claimed that his original § 2255 motion was rejected at an unspecified time by a Clerk's Office staff employee, "Mr. Thomas," who sent back the original

---

[2] Banks states the government calculated his statute of limitations deadline as February 28, 2018, but the government's position is that the one-year limitations period expired on February 21, 2018. (Gov't Resp. at 3.)

document and instructed him to refile using the court's form.³ (Def.'s Reply at 1.) According to Banks, his 77-page "*Bivens*/Civil Rights Act" submission was in fact a memorandum in support of "ground one of [his] 2255 petition." (*Id.*) The same day he filed this reply, Banks filed an amended § 2255 motion, restating his jurisdictional challenge and adding 22 new and unrelated claims. (Def.'s Am. Pet. [13].) In support of this supplemental motion, Banks included a copy of a letter dated February 28, 2017, from his appellate attorney with the Federal Defender Services of Wisconsin. (Def.'s Am. Mem. at 18.) In that letter, counsel notified Banks that his petition for writ of certiorari was denied, which "begins the tolling of time for you to move [for relief] under Section 2255," and that Banks had "one year to file such a motion." (*Id.*) Counsel further stated that a copy of the denial order was attached (Banks did not provide the attachment). (*Id.*) The letter also includes a handwritten notation: "(March 28) deadline from education." (*Id.*) There is no indication of who made this notation, or when it was made.

Several months later, in April 2019, Banks filed yet another supplemental motion (alternatively titled a "clarification and relief from a judgment or order pursuant to [Federal Rule of Civil Procedure] 60") to "expound upon" a due process claim included in his § 2255 petition. (Def.'s Second Am. Pet. [15] at 1.) Since then, Banks has submitted a slew of additional filings, both related and unrelated to his § 2255 petition, as described briefly below.

## DISCUSSION

For reasons explained below, Banks's 28 U.S.C. § 2255 petition is dismissed as untimely. Before addressing that issue, the court comments briefly on Banks's additional filings.

### I. Banks's Additional Filings

Banks first asks that the case be assigned to another judge. That motion [10] is denied. Banks expresses concern that the court is biased against him based on his erratic behavior during

---

³ Banks provides no evidence to support his assertion that the Clerk's office initially rejected his filing.

4

his trial, but this does not support recusal: "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Banks points to no evidence suggesting the court is biased, and the fact that the court presided over Banks's criminal trial is not grounds for recusal.

Relatedly, Banks has named the undersigned judge, as well as a number of other individuals involved in his criminal prosecution and trial, as parties to this case. But despite Banks having styled his original filing in this case with the words "*Bivens*/Civil Rights Act," it is clear that he seeks relief from his conviction and sentence pursuant to § 2255. The only proper parties in this case are the United States of America and Banks. Defendants Holder, Ciccola, Niewoehner, Cole, Mariotti, Fardon, Mecklenburg, Salib, and the Judge (identified as Plaintiffs in the court docket), are stricken from this case as improperly named parties. Additionally, the court notes that because it is not converting another filing into a § 2255 proceeding, the warnings of *Castro v. United States*, 540 U.S. 375 (2003), are not required. *See United States v. Guerrero*, 946 F.3d 983, 987 (7th Cir. 2020) (explaining that under *Castro*, district courts may not "recharacterize" a pro se litigant's motion as a first § 2255 motion without notification).

Next, Banks asks this court for attorney representation [14], but that motion, too, is denied. Counsel is provided in a § 2255 proceeding only when an evidentiary hearing is needed or if the interests of justice so require. *See* 18 U.S.C. § 3006A(a)(2)(B); *Martel v. Clair*, 565 U.S. 648, 659 (2012); Rule 8(c), Rules Governing Section 2255 Cases. Because this case is untimely—a matter fully addressed by the parties—there is no need for an evidentiary hearing, and Banks does not point to any interest of justice warranting representation. The court also denies his motions to compel a response from the United States and to hold the United States in default for failure to respond to his petition [22, 23]. Rule 5 of the Rules Governing Section 2255 Proceedings directs that "[t]he respondent is not required to answer the motion unless a judge so orders." As noted,

the government has already responded to Banks's initial § 2255 motion, and the court did not order the government to respond to his supplemental submissions—nor are any additional responses necessary to resolve this case.

Banks's remaining requests are irrelevant to his § 2255 petition. He moves [33] for an order compelling production of evidence related to his escape from MCC Chicago, but that event has no connection to the timeliness of his § 2255 petition or its merits; the request is therefore denied. Banks's submissions of information [26–32] regarding the conditions at USP Florence, ADMAX, where he is currently confined, are similarly unrelated to the timing of his § 2255 petition. Banks is free to file a complaint that his civil rights have been violated in federal court in Colorado, but this is not grounds for § 2255 relief.

## II.      Banks's § 2255 Motion is Untimely

The court turns, then, to Banks's § 2255 motion. The statute, 28 U.S.C. § 2255(f), sets a one-year limitations period for filing, which begins running upon the latest of: (1) the date on which his judgment of conviction became final; (2) the removal of an unlawful, government-created impediment preventing him from filing his § 2255 motion; (3) the date a right asserted was initially recognized by the Supreme Court, if the right is retroactive on collateral review; or (4) the date the facts supporting the claim could have been discovered through due diligence. Because Banks has not identified a government-created impediment, invoked a newly recognized right, or pointed to any newly discovered facts, only the first provision is relevant. Banks's one-year limitations period commenced on February 21, 2017, when the Supreme Court denied his petition for certiorari. *See Banks v. United States*, 137 S. Ct. 1122 (2017); *see also Clay v. United States*, 537 U.S. 522, 527 (2003). Banks therefore had until February 21, 2018, to file his § 2255 petition. He failed to do so.

The court received Banks's § 2255 motion on April 5, 2018; it was postmarked April 1, 2018. (Def.'s Pet. [1] at 1; Envelope [1-2].) Beyond that postmark, there is no basis (such as a declaration or other evidence) for assigning any earlier date to the filing under the prison mailbox

rule of *Houston v. Lack*, 487 U.S. 266 (1988). *See Hurlow v. United States*, 726 F.3d 958, 962 (7th Cir. 2013) (explaining that to rely on the prison mailbox rule, a prisoner must use the prison's legal mail system or provide a declaration or notarized statement stating the date of deposit and that first class postage was prepaid). The April 5 filing only includes a letter in Banks's handwriting dated March 24, and a manila envelope bearing a handwritten date of March 28, 2018. (Def.'s Pet. at 77; Envelope.) Even assuming that Banks's first filing in this case occurred on March 24, 2018—the most favorable date for Banks—the case was filed several weeks after the February 21, 2018 deadline.

The court acknowledges that Banks filed a motion for an extension of time in January 2018, prior to the expiration of the February 21, 2018 deadline, but this motion was not a petition under § 2255. (Mot. for Extension [*315].) To determine whether a defendant's filing is a § 2255 petition, the court looks to the substance of a filing and not its caption. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). For that reason, the court construed Banks's "*Bivens*/Civil Rights" submission, which challenged his conviction, as a request for § 2255 relief. But the January 2018 request for an extension of time is not entitled to that generous construction: it was not "substantively within the scope of § 2255," because it presented no claimed grounds for relief. *See id.*; *see also Poe v. United States*, 468 F.3d 473, 476 (7th Cir. 2006) (explaining that courts are not required to "construe equivalent postconviction filings as § 2255 motions in order to help prisoners comply with [the] one-year limitations period"). Even if the court characterized the January 2018 request for an extension as a timely § 2255 petition, it identified no basis for granting postconviction relief. And the jurisdictional claim raised in his untimely § 2255 motion does not relate back to this January motion, which raises no such claim. *See Beason v. Marske*, 926 F.3d 932, 938 (7th Cir. 2019) (an amended habeas petition must have a "common core of operative facts" to relate back, not just relate to "the same trial, conviction, or sentence") (quoting *Mayle v. Felix*, 545 U.S. 644, 662–64 (2005)).

7

Banks's supplements—the August 2018 supplement restating his original § 2255 claim and adding 22 new claims [13], and the April 2019 supplement expounding upon one of those claims [15]—do not alter the timeliness analysis. Like the original petition, these supplements raise claims governed by § 2255(f)'s one-year statute of limitations and were untimely submitted after the February 21, 2018 deadline. And because the original § 2255 motion is itself untimely, any potential relation back of the supplemental motions is unhelpful to Banks.

Finally, the doctrine of equitable tolling is not available here. In order for the court to find equitable tolling of the statute, Banks would have to show that (1) he was diligently pursuing his rights, and (2) an extraordinary circumstance stood in his way of making a timely filing. *Ademiju v. United States*, 999 F.3d 474, 477 (7th Cir. 2021). Determining whether that showing is made calls for a fact-specific inquiry that takes a holistic view of the full set of circumstances faced by the prisoner. *Gray v. Zatecky*, 865 F.3d 909, 912 (7th Cir. 2017).

The circumstances here do not support equitable tolling. Banks may have believed his § 2255 motion was due on March 28, 2018, instead of the actual February 21, 2018 deadline, but how he came to this belief is a mystery. The letter from his appellate attorney, dated February 28, 2017, contains this handwritten notation: "(March 28) deadline from education." (Def.'s Am. Mem. [12] at 18.) Again, the court has no information concerning the date on which that notation was made, or who made it. But in the text of that letter, Banks's lawyer notified him that his certiorari petition had been denied (certainly before February 28, 2017, the date on which the letter was written), that this began the tolling of time to file his § 2255 motion, and that he had one year to file that motion. Thus, Banks had accurate information about the statute of limitations in his possession from his attorney, but apparently ignored it. A defendant's own legal or procedural mistake is not an extraordinary circumstance entitling him to equitable tolling. *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006). And even if this letter or his lawyer led Banks to believe a later date was applicable, counsel's mistake "in identifying the correct filing deadline" is not extraordinary either. *Lombardo v. United States*, 860 F.3d 547, 552–53 (7th Cir. 2017). The court

8

further notes that, whatever mistakes may have occurred, this court twice encouraged Banks to file a § 2255 petition as soon as possible, and explicitly declined to confirm the accuracy of his understanding about the deadline [*316, *318].

Nor do the difficulties Banks experienced in prison warrant equitable tolling. Banks reported that his legal materials were seized during July and August 2017; he lacked law library access at times; he had difficulty obtaining materials from his attorney; there was a fire in his living unit at the prison on October 16, 2017; and his property and legal materials were withheld during a two-week period while the arson was investigated. (Mot. for Extension at 1.) These difficulties, serious as they may have been, account for a small percentage of the one-year limitations period and are, unfortunately, not unusual incidents of incarceration. *See Gray*, 865 F.3d at 913 (finding no equitable tolling where prisoner had sufficient time to bring case even when faced with lockdowns, limited access to library, and delays in receiving legal materials).

At bottom, Banks's § 2255 motion is untimely because he miscalculated the statute of limitations deadline. He has not made a case for equitable tolling. The § 2255 motion is untimely, and this case is dismissed.

### III. Merits

The untimeliness of Banks's petition requires dismissal, and the court need not address his claims further, but notes that they are meritless. In his initial filing, Banks argued that the entirety of Title 18 of the United States Code is unconstitutional, and the court therefore lacked jurisdiction to adjudicate his criminal case, because the United States Congress failed to pass the legislation enacting Title 18 in accordance with necessary procedures. In another case, the Seventh Circuit has characterized such an argument as "'unbelievably frivolous.'" *United States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2007) (quoting *United States v. States*, 242 F. App'x 362 (7th Cir. 2007) (per curiam)).

In a supplemental filing, Banks raised 22 additional claims—nearly all of them barred because they should have been brought at trial and on direct appeal, and are now procedurally

9

defaulted. *White v. United States*, 8 F.4th 547, 554 (7th Cir. 2021). Though his ineffective assistance of counsel claim is properly presented in a post-conviction petition, it is also baseless. Banks failed to work effectively with one attorney after another. Then, despite repeated appropriate warnings from the court and repeated offers of assistance from standby counsel, Banks stubbornly insisted on self-representation. That he is disappointed by the result is no basis for an ineffective assistance claim.

### IV. Certificate of Appealability and Notice of Appeal Rights

The court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). Banks cannot make a substantial showing of the denial of a constitutional right. *United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007).

Banks is advised that this is a final decision ending his case in this court. If he wishes to appeal, he must file a notice of appeal with this court within sixty days of the entry of judgment. *See* FED. R. APP. P. 4(a)(1)(B)(i); *Morales v. Bezy*, 499 F.3d 668, 671 (7th Cir. 2007). He need not bring a motion to reconsider this court's ruling to preserve his appellate rights, but may, if he wishes to do so, move for reconsideration under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment, *see* FED. R. CIV. P. 59(e), and that time period cannot be extended. *See* FED. R. CIV. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* FED. R. APP. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* FED. R. CIV. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* FED. R. CIV. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* FED. R. APP. P. 4(a)(4)(A)(vi).

## **CONCLUSION**

Defendants Holder, Ciccola, Niewoehner, Cole, Pallmeyer, Mariotti, Fardon, Mecklenburg,

and Salib (identified as "Plaintiffs" on the docket) are stricken from this case as improperly named parties; the Clerk is instructed to terminate them from the docket. Banks's motions under 28 U.S.C. § 2255 [1, 13, 15] are dismissed as untimely. Banks's motions to recuse the court [10], for attorney representation [14], for an order instructing the government to answer and default [22, 23], and to preserve evidence [33] are denied. Any other pending motions are denied as moot. The court declines to issue a certificate of appealability. The Clerk is instructed to enter a Rule 58 judgment in favor of United States and against Banks. Case terminated.

                                    ENTER:

Dated: February 28, 2022
                                _____
                                REBECCA R. PALLMEYER
                                United States District Judge